[Cite as *Hall v. Dept. of Transp.*, 2010-Ohio-6652.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GEORGETTE D. HALL

Plaintiff

v.

DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2010-07610-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} "1) Plaintiff, Georgette D. Hall, filed this action against defendant, Department of Transportation (ODOT), contending her 2007 Toyota Scion was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on State Route 104 in Franklin County. Plaintiff related her car was damaged when it struck a big pothole "right before Groveport/Parson exit" on State Route 104. In her complaint, plaintiff submitted an invoice for automotive repair dated August 14, 2009 reflecting costs for tire replacement (four), wheel replacement (two), and four wheel alignment, totaling $1,195.00. Plaintiff requested damage recovery in that amount. The filing fee was paid.

{¶ 2} "2) Defendant filed an investigation report requesting plaintiff's claim be dismissed due to the fact that the City of Columbus and not ODOT bears the maintenance responsibility for the section of State Route 104 where plaintiff's incident occurred. Defendant advised that, "the City of Columbus takes care of this intersection." Defendant stated that, "[i]n sum, the City of Columbus is responsible for

the maintenance of the roadway upon which plaintiff's incident occurred (and) [a]s such, the City of Columbus is the proper party to plaintiff's claim." The site of the damage incident was not on a roadway area maintained by ODOT.

{¶ 3} "3) Plaintiff did not respond.

### CONCLUSIONS OF LAW

{¶ 4} 1) R.C. 2743.01(A) provides:

{¶ 5} "(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other state instrumentalities of the state. 'State' does not include political subdivisions."

{¶ 6} 2) R.C. 2743.02(A)(1) states in pertinent part:

{¶ 7} "(A)(1) The state hereby waives its immunity from liability, except as provided for the office of the state fire marshal in division (G)(1) of section 9.60 and division (B) of section 3737.221 of the Revised Code and subject to division (H) of this section, and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40 of the Revised Code, and except as provided in division (A)(2) or (3) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability."

{¶ 8} 3) R.C. 5501.31 in pertinent part states:

{¶ 9} "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director . . ."

{¶ 10} The site of the damage-causing incident was not the maintenance jurisdiction of defendant. Consequently, plaintiff's case is dismissed.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GOERGETTE D. HALL

     Plaintiff

     v.

DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2010-07610-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

 

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Georgette D. Hall
8104 Artisan Way
Reynoldsburg, Ohio 43068

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

RDK/laa
10/1
filed 10/15/10
Sent to S.C. reporter 2/2/11